UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DAVID SHETTER and GUY SHARPE, on behalf of Themselves and Others Similarly Situated,<br><br>v.<br><br>HIGGMARK MAINTENANCE SERVICES, LLC and TIM HIGGINS, | Case No: 4:18-cv-03984<br><br>FLSA Collective Action |

# COMPLAINT

## SUMMARY

1. Higgmark Maintenance Services, LLC ("HMS"), and Tim Higgins ("Higgins") (collectively, "Defendants") do not pay overtime to the hourly, blue-collar workers they jointly employ. Instead, Defendants pay these workers the same hourly rate for all hours worked, including those worked in excess of forty in a workweek, and label them unlawfully as "independent contractors." Because Defendants' payroll practice violates the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (FLSA), Shetter and Sharpe ("Plaintiffs") bring this collective action to recover unpaid overtime wages and other damages owed to these workers.

## JURISDICTION & VENUE

2. This Court has federal question subject matter jurisdiction. *See* 28 U.S.C. § 1331 & 29 U.S.C. § 216(b).

3. Venue is proper because Defendants reside in this District and Division. Further, a substantial part of the events alleged herein occurred in this District and Division. *See* 28 U.S.C. §§ 1391 (b) & (c).

**PARTIES**

4. HMS, along with Tim Higgins, employed and/or jointly employed Plaintiffs and the Class Members.

5. Tim Higgins is the owner and CEO of HMS. Higgins, along with HMS, employed and/or jointly employed Plaintiffs and the Class Members.

6. Shetter was employed by Defendants as an hourly "ETech" for most of his employment and as a "Mechanic" for a short time. The picture below shows one of Higgmark's ETechs at work.



*See* https://www.higgmark.net/electronic-instrumentation (last accessed Oct. 22, 2018).

1. Sharpe was employed by Defendants as an hourly "Mechanic." The picture below shows one of Higgmark's Mechanics at work.



*See* https://www.higgmark.net/mechanical-maintenance (last accessed Oct. 22, 2018).

2. Shetter and Sharpe bring this action on behalf of themselves and all other similarly situated hourly workers who were paid straight time for overtime by Defendants and labeled by Defendants, unlawfully, as "independent contractors." These workers are collectively referred to herein as the "Class Members." Plaintiffs' consent forms are attached as Exs. 1–2.

## FACTS

3. Defendants employed Shetter and Sharpe to repair electrical and mechanical equipment on oilfield rigs for Defendants' clients.

4. Defendants jointly hired and fired, supervised and controlled, set pay, determined hours, and approved time sheets with respect to Plaintiffs and the Class Members.

5. Defendants maintain employment records on Plaintiffs and the Class Members, and can terminate their employment.

6. Defendants decided to label Shetter, Sharpe, and the Class members as "independent contractors."

7. In each of the past three years, HMS, or the enterprise of which it is a part, had revenues in excess of $500,000.

8. Over the past three years, Defendants employed dozens of individuals – including Plaintiffs – that were paid straight time for overtime.

9. Over the past three years, HMS, or the enterprise of which it is a part, employed at least two individuals that routinely handled goods or materials – such as phones, computers, and tools – that moved in, or were produced for, interstate commerce.

10. Each of the Defendants are, or are part of, a covered enterprise engaged in commerce under the FLSA and are subject to its requirements.

11. Defendants, at all relevant times, paid Plaintiffs and the Class Members at the same hourly rate for all hours worked, including those worked in excess of forty per week.

12. For example, Defendants paid Plaintiffs $32 per hour for all hours worked, without the half-time premium required by the FLSA for hours worked in excess of 40 in a week.

13. Plaintiffs typically worked 70-100 hours per week when they were on duty. They typically work rotating shifts of 2 weeks "on" and 1 week "off."

14. Defendants maintained accurate records of the hours Plaintiffs worked.

15. Defendants knew Plaintiffs and the Class Members routinely worked more than 40 hours in a week. Defendants' records, which show hours worked, reflect this fact.

16. It is well established that blue-collar workers—like Plaintiffs and the Class Members—are not exempt from the overtime provisions of the FLSA, regardless of how they are paid. Defendants knew this.

17. Further, hourly workers, like Plaintiffs, are generally nonexempt. Defendants also knew this.

18. Defendants knew Plaintiffs and the Class Members were not exempt from the FLSA's overtime provisions.

19. Defendants knew they paid Plaintiffs and the Class Members by the hour and that they paid straight time for overtime hours.

20. Defendants received complaints about their failure to pay overtime but failed to correct their payroll policy.

21. Defendants knew, or acted with reckless disregard, to whether Plaintiffs were misclassified as independent contractors.

### COLLECTIVE ALLEGATIONS

22. Defendants' policy of paying non-exempt workers by the hour, with no overtime pay, violates the FLSA.

23. Defendants' policy of paying straight time for overtime affects Plaintiffs and the Class Members in a similar manner because, as explained above, hourly workers (and blue-collar workers regardless of how they are paid) are non-exempt from overtime. Accordingly, they are each owed overtime pay for the same reason even though their job duties may differ in nonmaterial respects. Accordingly, Plaintiffs and the Class Members are similarly situated for the purposes of their overtime claims.

24. The Class Members include:

> All current and former hourly workers employed by Defendants who were not paid at least time and one-half for hours worked in excess of forty in a workweek during the last three years and who were classified by Defendants as independent contractors.

5

## CAUSE OF ACTION – VIOLATION OF THE FLSA

25. By failing to pay Plaintiffs and the Class Members overtime at one-and-one-half times their regular rates, Defendants violated the FLSA's overtime provisions.

26. Defendants owe Plaintiffs and the Class Members the difference between the rate actually paid and the proper overtime rate for all overtime hours worked. Because Defendants knew, or showed reckless disregard for whether, their pay practices violated the FLSA, they owe these wages for at least the past three years.

27. Defendants also owe Plaintiffs and the Class Members an amount equal to the unpaid overtime wages as liquidated damages.

28. Plaintiffs and the Class Members are entitled to recover all reasonable attorneys' fees, costs, and expenses incurred in this action.

## PRAYER

Wherefore, Plaintiffs prays for relief as follows:

1. An order allowing this action to proceed as a representative collective action under the FLSA;

2. Judgment awarding Plaintiffs and the Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees, costs, and expenses under the FLSA;

3. A service award for Plaintiffs as permitted by law;

4. Pre- and post-judgment interest at the highest rate allowable by law; and

5. All such other and further relief to which Plaintiffs and the Class Members may show themselves to be justly entitled.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

By:    **/s/ David Moulton**
      David I. Moulton
      Texas Bar No. 24051093
      S.D. of Texas No. 608063
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788
Telecopier: (713) 877-8065
dmoulton@brucknerburch.com
**Attorney-in-charge**

**AND**

Andrew W. Dunlap
Texas Bar No. 24078444
**JOSEPHSON DUNLAP LAW FIRM**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
adunlap@mybackwages.com

7